*554 OPINION.
Teammbll:
The petitioner has proceeded in its presentation of the case upon the theory that the return for the fiscal year 1920 was made on the basis of 13 months and allocated the proportionate part of the income to the respective taxable periods. In our opinion, a separate return should have been made for the period from May 31 to June 30,1920, in accordance with section 226 of the Revenue Act of 1918, which, in so far as it is pertinent, provides as follows:
If the change is from one fiscal year to another fiscal year a separate return shall be made for the period between the close of the former fiscal year and the date designated as the close of the new fiscal year.
The net income should be computed on the basis of the period for which separate returns are required.
The question then is, What was the taxable income for the respective periods? The petitioner contends that there was a liability at the end of any period determined by the market price of grain on that date. ■ It was undoubtedly liable to pay to the farmers who delivered grain the market value on the day they authorized the sales, less charges for storage or other charges, but it had no means of knowing the amount which it would actually be required to pay. The petitioner might have made a profit or suffered a loss. This fact, however, could not be known until the farmer authorized the sale when the petitioner was required to make payment. Its profit was not measured by the difference between the liability at the end of the year and the sales price of the grain, but by the difference between what it was required to pay and the sales price. This might have been materially different. In our opinion, the sale of the grain by the petitioner was only a part of the transaction resulting in gain or loss. The other part of the transaction was the request or authority of the farmer to sell. The transaction was not complete until this had occurred. Until then no fact had occurred which established gain or loss. The petitioner’s liability on a particular day to pay for the grain which it had sold has no material bearing on the amount of actual gain or loss derived from the transaction.
In our opinion, the petitioner should have reported no gain or profit frofti these transactions until it had received a request or authority from the farmers to sell the grain. This definitely fixed the price which the petitioner paid for the grain. The method adopted by the petitioner for keeping its books and accounts did not clearly reflect its income in that it ignored a fundamental principle on which gain or loss is determined. The tax should be computed upon the basis of completed transactions during the fiscal periods involved.
Judgment will ie entered on 15 days' notice, under Rule 50.